UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Narcisco Gomez-Carrillo

   v.                                        Case No. 23-cv-177-SM

Warden, FCI Berlin

**REPORT AND RECOMMENDATION**

Petitioner, Narcisco Gomez-Carrillo, a prisoner at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1). The petition is before this court for preliminary review. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); LR 4.3(d)(4)(A); see also § 2254 Rule 1(b) (§ 2254 Rules may apply to § 2241 petitions). The petitioner claims that the federal Bureau of Prisons ("BOP") has refused to apply the time credits he has earned under the First Step Act ("FSA") to his sentence to shorten the length of time he must remain in prison prior to being released to serve the term of supervised release imposed as part of his sentence.

**Preliminary Review Standard**

Pursuant to § 2254 Rule 4, a judge is required to examine a petition for habeas relief and, if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Id. "Federal courts are authorized to dismiss summarily

any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994). The court construes [Petitioner]'s pleadings liberally, considering his pro se status. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

## Background

The petitioner asserts that, on May 19, 2021, he was sentenced to a term of imprisonment, followed by a term of supervised release. He is currently serving the incarcerated portion of his sentence at FCI Berlin. According to Mr. Gomez-Carrillo's petition, he has earned 190 days of FSA time credits. Mr. Gomez-Carrillo states that the BOP has calculated his release date as August 9, 2032, but that with his FSA time credits applied, his release date should be January 30, 2032.[1] Mr. Gomez-Carrillo claims that the BOP has failed to adjust his anticipated release date to account for the 190 days of FSA time credits he has earned, and he asks the Court to "modify Petitioner's date of release" to reflect those time credits.

## Discussion

The FSA directs that time credits a federal prisoner earns "shall be applied toward time in prerelease custody or supervised

---

[1] The online BOP Inmate Locator identifies September 5, 2032 as Mr. Gomez-Carrillo's anticipated release date. The difference between August 9, 2032 and September 5, 2032 does not affect the Court's recommendation regarding the appropriate disposition of this matter.

release." 18 U.S.C. § 3632(d)(4)(C). The FSA establishes criteria a prisoner must meet before he is eligible to have his time credits applied to his sentence including, among other things, that the prisoner has "earned time credits . . . in an amount that is equal to the remainder of [his] imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A). Accordingly, the FSA "provides that, while time credits may be accumulated each month, an inmate is not eligible to have those credits applied until the inmate has accumulated 'earned time credits . . . in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment.'" Szanyi v. Pullen, No. 3:22-cv-1253 (KAD), 2023 U.S. Dist. LEXIS 14970, at *6, 2023 WL 1108469, at *2 (D. Conn. Jan. 30, 2023) (quoting § 3624(g)(1)(A)) (other citations omitted); see also Mills v. Starr, No. 21-cv-1335 (SRN/DTS), 2023 U.S. Dist. LEXIS 51190, at *4, 2023 WL 2645030, at *2 (D. Minn. Mar. 27, 2023) (BOP may apply time credits "only when the number of credits equals the remainder of the prisoner's sentence"); Adkins v. Engleman, No. CV 22-1988, 2022 U.S. Dist. LEXIS 196100, at *4, 2022 WL 14966123, at *2 (C.D. Cal. Sept. 8, 2022) (noting that "federal courts around the country" have interpreted § 3624(g)(1)(A) to mean that the BOP may only apply time credits once the prisoner has earned enough credits to equal the remainder of his or her sentence), R&R approved, 2022 U.S. Dist. LEXIS 195279, at *1, 2022 WL 15116425, at *1 (C.D. Cal. Oct. 24, 2022).

3

There is a practical purpose for allowing application of earned time credits only when those credits equal the length of the remainder of the prisoner's term of imprisonment.  Time credits, like good conduct time, may be lost for misconduct or disciplinary infractions.  See Shults v. Birkholz, No. 2:22-cv-07273-JAK (MAR), 2023 U.S. Dist. LEXIS 33494, at *4, 2023 WL 2339888, at *2 (C.D. Cal. Feb. 27, 2023) (citation omitted), R&R approved, 2023 U.S. Dist. LEXIS 33563, at *2, 2023 WL 2266105, at *1 (C.D. Cal. Feb. 28, 2023).

Because the petitioner has more than nine years remaining in his sentence, far in excess of the 190 days he asserts he has earned, § 3624(g)(1)(A) precludes the application of those time credits to his sentence at this time.  Accordingly, the District Judge should dismiss Mr. Gomez-Carrillo's petition (Doc. No. 1) as premature, without prejudice to his ability to bring a new petition if, in the future, the BOP fails to properly apply his earned FSA time credits to his sentence when those credits equal the time remaining in his sentence.

## Conclusion

For the foregoing reasons, the district judge should dismiss Mr. Gomez-Carrillo's petition for a writ of habeas corpus (Doc. No. 1) without prejudice.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  The objection period may be extended upon motion.  Failure

to file any objection within the specified time waives the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).  Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'"  Id. (citations omitted).

                                          _____
                                          Andrea K. Johnstone
                                          United States Magistrate Judge

April 13, 2023

cc:  Narcisco Gomez-Carrillo, pro se